UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.,<br>Four Limited Parkway<br>Reynoldsburg, Ohio 43068<br><br>and<br><br>BATH & BODY WORKS BRAND MANAGEMENT, INC.,<br>Seven Limited Parkway<br>Reynoldsburg, Ohio 43068,<br><br>      Plaintiffs,<br><br>      v.<br><br>FRAGRANCE ACQUISITIONS, LLC,<br>1900 Corporate Blvd.<br>Newburgh, New York 12550,<br><br>and<br><br>PREFERRED FRAGRANCE, INC.<br>75 Taaffe Place<br>Brooklyn, New York 11205,<br><br>and<br><br>FRAGRANCE HOLDINGS, LLC,<br>1900 Corporate Blvd.<br>Newburgh, New York 12550,<br><br>and<br><br>IZRIEL POLATSEK A/K/A EZRIEL POLATSEK,<br>786 Kent Avenue, #5<br>Brooklyn, New York 11205,<br><br>      Defendants. | Civil Action No.: 2:14-cv-139<br><br>Judge:<br><br>Jury Trial Demanded |

**COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND VIOLATION OF STATE STATUTE**

VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC. ("Victoria's Secret" or "VS") and BATH & BODY WORKS BRAND MANAGEMENT, INC. ("Bath & Body Works" or "BBW"; collectively with VS "Plaintiffs") by and through their attorneys, bring this action for trademark and trade dress infringement, unfair competition, false designation of origin, and violation of State statute, and allege against Defendants FRAGRANCE ACQUISITIONS, LLC, PREFERRED FRAGRANCE, INC., FRAGRANCE HOLDINGS, LLC, and IZRIEL POLATSEK A/K/A EZRIEL POLATSEK ("Polatsek") (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. Plaintiffs -- sister companies owned by their parent, L Brands, Inc. -- are acknowledged innovators and category leaders in the highly competitive personal body care and beauty products industry. By this action for trade dress and trademark infringement, Plaintiffs seek an injunction, damages, and related relief as a result of Defendants' sale of personal care products which are knockoffs of Plaintiffs' highly successful products. Defendants have intentionally encroached on Plaintiffs' rights in a concerted, ongoing attempt to hijack the substantial brand awareness and goodwill associated with Plaintiffs' products, and to cause confusion among the buying public, all to Plaintiffs' great and irreparable harm.

**THE PARTIES**

2. Plaintiff Victoria's Secret is a Delaware corporation with its principal offices at Four Limited Parkway, Reynoldsburg, Ohio 43068, and is qualified to do business and is doing business in the State of Ohio and in this judicial district.

3. Plaintiff Bath & Body Works is a Delaware corporation with its principal offices at Seven Limited Parkway, Reynoldsburg, Ohio 43068, and is qualified to do business and is doing business in the State of Ohio and in this judicial district.

4. On information and belief, Defendant Fragrance Acquisitions is a Delaware limited liability corporation with a principal place of business at 1900 Corporate Blvd., Newburgh, New York 12550, and is transacting business in the State of Ohio and in this judicial district. On information and belief, on or about October 11, 2011, Fragrance Acquisitions purchased virtually all of the assets and business of Defendant Preferred Fragrance and since then has taken over the operations of Preferred Fragrance and has continued to operate under the name Preferred Fragrance.

5. On information and belief, Defendant Preferred Fragrance, Inc. is a New York corporation with a principal place of business at 75 Taaffe Place, Brooklyn, New York 11205, and is transacting business in the State of Ohio and in this judicial district.

6. On information and belief, Defendant Fragrance Holdings is a Delaware limited liability company with a principal place of business at 1900 Corporate Blvd., Newburgh, New York 12550. On information and belief, Fragrance Holdings is the parent and majority owner of Fragrance Acquisitions and is its alter ego, controlling, operating and directing its operations, and directing, participating in, and financially benefitting from its illegal and unlawful acts as complained of herein. As such, Fragrance Holdings is conducting business in Ohio and in this judicial district.

7. On information and belief, Defendant Polatsek is a resident of Brooklyn, New York, and resides at 786 Kent Avenue, #5, Brooklyn, New York 11205. On information and belief, Defendant Polatsek was the Chief Executive Officer, Chief Operating Officer, president,

substantial owner and alter ego of Preferred Fragrance and Fragrance Acquisitions, and as such has transacted business in the State of Ohio and in this judicial district.  On information and belief, Polatsek personally ran, operated and exercised control over Preferred Fragrance and Fragrance Acquisitions, and directed, participated in, and benefited financially from the illegal and unlawful acts complained of herein.

## JURISDICTION AND VENUE

8. Count I herein arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114.  Count II is for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Count III is for deceptive trade practices in violation of Ohio Rev. Code § 4165.01 *et seq.*  Count IV arises under Ohio common law prohibiting trademark infringement and unfair competition.

9. This Court has original jurisdiction over the subject matter of this action based on 15 U.S.C. § 1121 and 28 U.S.C. § 1331, § 1338(a)-(b), as federal questions are presented.  This Court has jurisdiction over the state law claims asserted in Counts III and IV herein under 28 U.S.C. § 1367 and § 1338(b).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and this Court has personal jurisdiction over Defendants because the Defendants conduct business within this district, the acts giving rise to the asserted claims are being committed within this district, and Plaintiffs are suffering harm in this district.

## FACTS

### Plaintiff Victoria's Secret and Its Business

11. Plaintiff Victoria's Secret owns the world-famous VICTORIA'S SECRET trademark and trade name, and many additional trademarks used in connection with intimate apparel, beauty products, and a wide variety of other products and services.  Victoria's Secret

4

owns and operates over 1,000 VICTORIA'S SECRET retail stores throughout the United States, including within this judicial district. Victoria's Secret also distributes the world-famous VICTORIA'S SECRET Catalogue, operates the highly successful website, www.victoriassecret.com, and produces the acclaimed VICTORIA'S SECRET FASHION SHOW, a televised event featuring the "Victoria's Secret Angel" supermodels, that has become an annual highlight of the fashion industry.

12. After establishing its reputation as the world's leading specialty retailer of intimate apparel, Victoria's Secret expanded its business to become a major seller of beauty and personal care products, including fragrance mists and lotions, among many others. Victoria's Secret has methodically and strategically developed its beauty and personal care product lines into a billion dollar business.

13. In addition to their effectiveness, Victoria's Secret's products are renowned for their distinctive, attractive trade dress and trademarks, which identify Victoria's Secret as their source, and assure consumers they are purchasing products of the highest quality.

14. One of Victoria's Secret's core product lines is its "VS Fantasies" collection, which features dozens of individual scents or "fragrances," each of which is offered in various forms of personal care products, including fragrance mists and lotions.

15. As detailed below and illustrated in Exhibit A hereto, examples of the fragrances in the VS Fantasies line are VANILLA LACE, COCONUT PASSION, MANGO TEMPTATION, PURE SEDUCTION and LOVE SPELL.

16. Victoria's Secret's VANILLA LACE Trade Dress is shown below. The fragrance mist trade dress features a clear "wide shoulder" bottle (revealing orange liquid), a gold band located below a gold spray nozzle, floral design elements on the interior back label, and a "crest"

5

design that includes the product name, outlined with a "ribbon" element that ties together into a "bow" at the top.  The body lotion uses an opaque version of the same trade dress, rendered on a "wide shouldered" squeeze bottle.



Victoria's Secret's VANILLA LACE Trade Dress: Fragrance Mist and Body Lotion

17. The VANILLA LACE Trade Dress and trademark are distinctive.  Consumers have come to recognize and rely on the VANILLA LACE Trade Dress and trademark as indicating Victoria's Secret as the exclusive source of the fragrance.  As a result of this recognition and reliance, and Victoria's Secret's commitment to the highest level of product quality, the fragrance has been highly successful, with many millions of dollars in sales.

18. Victoria's Secret owns incontestable U.S. Trademark Registration No. 3011494 for VANILLA LACE.

19. As illustrated in Exhibit A, allowing for necessary differences in color and floral design details, Victoria's Secret uses essentially the same trade dress for many other products in

6

its VS Fantasies collection, including COCONUT PASSION, MANGO TEMPTATION, PURE SEDUCTION and LOVE SPELL.

20.     The Trade Dress and trademarks associated with the products in the VS Fantasies Collection, including COCONUT PASSION, MANGO TEMPTATION, PURE SEDUCTION and LOVE SPELL, are distinctive.  Consumers have come to recognize and rely on the Trade Dress and trademarks associated with the products in the VS Fantasies Collection, including COCONUT PASSION, MANGO TEMPTATION, PURE SEDUCTION and LOVE SPELL, as indicating Victoria's Secret as the exclusive source of the fragrances.  As a result of this recognition and reliance, and Victoria's Secret's commitment to the highest level of product quality, these fragrances have been highly successful, with many millions of dollars in sales.

21.     Victoria's Secret owns U.S. Trademark Registration No. 3851526 for COCONUT PASSION.

**Plaintiff Bath & Body Works and Its Business**

22.     Since 1990, Plaintiff BBW has reinvented the personal care industry by introducing a wide range of fragrant, flavorful, indulgent personal care and beauty products, including soaps, lotions, creams, shower gels, fragrances, face care products, gift sets, home fragrances, and candles.  BBW is committed to helping consumers improve their emotional and physical well-being, by combining traditional spa treatments with botanical and natural ingredients, then developing an extensive collection of advanced, easy-to-use personal care products with proven effectiveness.

23.     BBW owns the BATH & BODY WORKS trademark and trade name, and many additional trademarks used in connection with its products.  Directly or through affiliates, BBW owns and operates over 1,500 BATH & BODY WORKS specialty retail stores nationwide, and the BBW website, www.bathandbodyworks.com.

24. BBW markets its products through various means, including print and online promotions, and social media. BBW's Facebook page has over 5.5 million "likes," and BBW is followed by nearly 95,000 users on Twitter and 18,000 users on Pinterest. Videos posted to BBW's YouTube channel have garnered over 260,000 views.

25. BBW's products are renowned for their use of distinctive, attractive trade dress which, along with their corresponding trademarks, identify BBW as their source, and assure consumers they are purchasing products of the highest quality.

26. One of BBW's core product lines is its "Signature Collection," which features dozens of individual scents or "fragrances," each of which is offered in various forms of personal care products, including fragrance mists and lotions.

27. As detailed below and illustrated in Exhibit B hereto, examples of the fragrances in the Signature Collection are PINK CHIFFON, SWEET PEA, BLACK AMETHYST and SECRET WONDERLAND.

28. BBW's PINK CHIFFON Trade Dress is shown below. The fragrance mist trade dress features a tall, narrow, clear cylindrical bottle with a clear cylindrical cap, enclosing a silver spray nozzle. Nearly the entire bottle is wrapped in a light pink sheer label, featuring floral designs in shades of pink and blue, positioned below the product name rendered in thin, black script.



BBW's PINK CHIFFON Trade Dress: Fragrance Mist

29. The PINK CHIFFON Trade Dress and trademark are distinctive. Consumers have come to recognize and rely on the PINK CHIFFON Trade Dress and trademark as indicating BBW as the exclusive source of the fragrance. As a result of this recognition and reliance, and BBW's commitment to the highest level of product quality, the fragrance has been highly successful, with many millions of dollars in sales.

30. As illustrated in Exhibit A, allowing for necessary differences in color and floral design details, BBW uses essentially the same trade dress for many other products in its Signature Collection, including SWEET PEA, BLACK AMETHYST and SECRET WONDERLAND.

31. The Trade Dress and trademarks associated with the products in the BBW's Signature Collection, including SWEET PEA, BLACK AMETHYST and SECRET WONDERLAND, are distinctive. Consumers have come to recognize and rely on the Trade

Dress and trademarks associated with the products in BBW's Signature Collection, including SWEET PEA, BLACK AMETHYST and SECRET WONDERLAND, as indicating BBW as the exclusive source of the fragrances.  As a result of this recognition and reliance, and BBW's commitment to the highest level of product quality, these fragrances have been highly successful, with many millions of dollars in sales.

32. BBW owns U.S. Trademark Registration Nos. 2574220, 4135732 and 4016855 for SWEET PEA, BLACK AMETHYST and SECRET WONDERLAND respectively.

33. Plaintiffs' products are promoted and sold nationwide to a broad, predominantly female consumer base that includes anyone who wishes to enhance their physical and emotional well-being by using high quality, attractively branded and packaged personal care products.

### Defendants and Their Infringing Acts

34. On information and belief, Defendants are wholesalers/manufacturers of personal care products, which they sell through third party retailers under the name Preferred Fragrance.

35. On the Preferred Fragrance website, Defendants claim to be the "leading distributor of designer-inspired perfumes," which they claim are sold in "over 50,000 retail stores in the US at retailers in the Apparel, Mass, Value and Pharmacy sectors."

36. On information and belief, Defendants promote and sell Preferred Fragrance's products nationwide to a broad, predominantly female consumer base that includes anyone who uses or would consider using personal care products.

37. Defendants are direct competitors of both Plaintiffs in the personal care business.

38. On information and belief, Defendants' business model involves copying the trade dress and trademarks associated with successful competitive products to gain a foothold in the market by trading on the reputations and goodwill established by others.

39. On information and belief, in recent years, Defendants' business strategies include trying to bring the famous VS and BBW "style" products to mass retail outlets.  In furtherance of this strategy, Defendants have deliberately and intentionally copied the famous Trade Dress and/or trademarks associated with many of the products in Plaintiffs' VS Fantasies and Signature Collections, including, but not limited to those identified herein and illustrated in the exhibits hereto.  On information and belief, Defendants' sales representatives promote their products by representing to potential customers that they are very similar to Plaintiffs'.

40. For example, Defendants have introduced a fragrance, VANILLA BLOSSOM, positioned to compete directly against VS's successful fragrance, VANILLA LACE. Defendants' body mist product for this fragrance uses the trade dress shown below, consisting of a clear "wide shoulder" bottle (revealing orange liquid), a shiny colored band located below the spray nozzle, floral design elements on the label, and a "crest" design that includes the product name, outlined with a "ribbon" element that ties together into a "bow" at the top.  Defendants' body lotion uses an opaque version of the same trade dress, rendered on a "wide shouldered" squeeze bottle.

11



Defendants' Infringing VANILLA BLOSSOM Trade Dress: Fragrance Mist and Body Lotion

41. As illustrated in Exhibit B, pages from Defendants' "Bath & Body" product catalog, Defendants use essentially the same trade dress for many other products, including COCONUT DREAM, MANGO SEDUCTION, FLORAL SEDUCTION, SECRET KISS, LOVELY IN PINK, ENCHANTED GODDESS, LAVISH KISSES and LOVE CHARM. On information and belief, each of these products is positioned to compete directly against one or more of Plaintiffs' successful fragrances.

42. As a further example, Defendants have introduced a fragrance, ROSE CHIFFON, positioned to compete directly against BBW's successful fragrance, PINK CHIFFON. Defendants' body mist product for this fragrance uses the trade dress shown below, consisting of a tall, narrow, clear cylindrical bottle with a clear cylindrical cap, enclosing a silver spray nozzle. Nearly the entire bottle is wrapped in a light pink sheer label, featuring floral designs in shades of pink and blue, positioned below the product name rendered in thin, silver script.



Defendants' Infringing ROSE CHIFFON Trade Dress: Body Mist

43. As illustrated in Exhibit B, Defendants use essentially the same trade dress for many other products, including DANCING FLOWER, MIDNIGHT BLOOM, and SECRET FAIRYLAND.  On information and belief, each of these products is positioned to compete directly against one or more of Plaintiffs' successful fragrances.

44. On information and belief, Defendants have offered or are now offering additional products that infringe Plaintiffs' distinctive trade dress and/or trademarks.

45. Defendants' products identified or referenced in paragraphs 40-44 above, illustrated in Exhibit B hereto, and such additional products that come to light in the course of this litigation, are referred to as the "Infringing Products."

46. On information and belief, Defendants' development and sale of the Infringing Products post-dated Plaintiffs' first use of its corresponding genuine products.

47. On information and belief, Defendant Polatsek exercised ultimate control over every aspect of the Infringing Products, from their design, development and naming to advertising, promotion, distribution and sales, and Polatsek's control over Preferred Fragrance and/or Fragrance Acquisitions extended to the illegal and unlawful acts complained of herein.

48. Through their actions set forth above, Defendants have infringed Plaintiffs' trade dress and/or trademarks in such a way that consumers are likely to be confused as to the source or affiliation of the Infringing Products.

49. Defendants are recidivist infringers, who have been and are presently being sued for similar transgressions against others.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114(a)

50. Plaintiffs repeat and reallege as if fully set forth herein the allegations of paragraphs 1 through 49 inclusive.

51. Defendants' acts in regard to the Infringing Products infringe one or more of the Plaintiffs' registered trademarks identified herein, as they are likely to lead the relevant trade and public to associate Defendants' products with Plaintiffs' businesses, products and services, and are likely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. § 1114(a).

52. Defendants' acts complained of herein are willful and done with the intention of causing confusion, mistake, or deception.

53. Defendants' acts complained of herein jeopardize the goodwill symbolized by Plaintiffs' registered trademarks, causing serious and irreparable injury to Plaintiffs, and a likelihood of such future harm, for which Plaintiffs have no adequate remedy at law.

14

## COUNT II

## <u>FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)</u>

54. Plaintiffs repeat and reallege as if fully set forth herein the allegations of paragraphs 1 through 53 inclusive.

55. Plaintiffs' products incorporate highly distinctive, non-functional features that form protectable and proprietary trade dress.

56. Plaintiffs' trade dress identified herein has achieved widespread recognition and has acquired distinctiveness.

57. Plaintiffs' unregistered trademarks identified herein are inherently distinctive, or have acquired distinctiveness and secondary meaning.

58. Defendants' acts in regard to the Infringing Products infringe Plaintiffs' trade dress and unregistered trademarks, as they are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants' products with Plaintiffs, or as to the origin, sponsorship or approval of Defendants' products, services or commercial activities in violation of Plaintiffs' rights, within the meaning of 15 U.S.C. § 1125(a).

59. Defendants' acts complained of herein are willful and done with the intention of causing confusion, mistake, or deception, or otherwise trading unfairly upon the valuable goodwill built up in Plaintiffs' trade dress and unregistered trademarks.

60. Defendants' acts complained of herein jeopardize the goodwill symbolized by the Plaintiffs' trade dress and unregistered trademarks, causing serious and irreparable injury to Plaintiffs, and a likelihood of such future harm, for which Plaintiffs have no adequate remedy at law.

## COUNT III

## **DECEPTIVE TRADE PRACTICES IN VIOLATION OF OHIO REV. CODE § 4165.01 *ET SEQ.***

61. Plaintiffs repeat and reallege as if fully set forth herein the allegations of paragraphs 1 through 60 inclusive.

62. Defendants' acts complained of herein constitute unfair competition in violation of Ohio Rev. Code § 4165.01 *et seq*.

63. Defendants' acts complained of herein were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiffs' rights.

64. Defendants' acts complained of herein have caused, and if not restrained by this Court, will continue to cause Plaintiffs serious and irreparable injury for which Plaintiffs have no adequate remedy at law.

## COUNT IV

## **TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF OHIO COMMON LAW**

65. Plaintiffs repeat and reallege as if fully set forth herein the allegations of paragraphs 1 through 64 inclusive.

66. Defendants' acts complained of herein constitute trademark infringement and unfair competition in violation of the common law of Ohio, as they are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants' products with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' products, services or commercial activities.

67. Defendants have willfully engaged in acts of trademark infringement and unfair competition.

68. Defendants' acts of trademark infringement and unfair competition have caused, and if not restrained by this Court, will continue to cause Plaintiffs serious and irreparable injury for which Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. For an injunction restraining Defendants, their members, officers, agents, licensees, assignees, successors, servants, employees, attorneys and all other persons in active concert or participation with them from:

>   (1) manufacturing, designing, importing, selling, or distributing the Infringing Products, or any other product bearing Plaintiffs' registered trademarks, unregistered trademarks, or trade dress, or any designation confusingly similar thereto;
>
>   (2) advertising, displaying, or promoting any product or service by using Plaintiffs' registered trademarks, unregistered trademarks, or trade dress, or any designation confusingly similar thereto; or
>
>   (3) holding out in any manner whatsoever, that Defendants, or their products or services, are in any way sponsored by, or associated or affiliated with Plaintiffs, or Plaintiffs' products or services.

B. That Defendants be required to promptly file with the Court and serve upon Plaintiffs a report, in writing and under oath, setting forth in detail the manner in which

Defendants have complied with any injunction issued by the Court, pursuant to 15 U.S.C. § 1116(a).

  C. That Defendants be directed to deliver up to Plaintiffs for destruction the products and all other materials of any nature whatsoever bearing Plaintiffs' registered trademarks, unregistered trademarks, or trade dress, or any designation confusingly similar thereto, including products, packaging materials, advertising or promotional materials, pursuant to 15 U.S.C. § 1118.

  D. That Defendants be required to make a detailed accounting to Plaintiffs with respect to all transactions relating to their importation, distribution and sales of products bearing Plaintiffs' registered trademarks, unregistered trademarks, or trade dress, or any designation confusingly similar thereto, including: (1) their gross revenues relating to such products; and (2) their total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits.

  E. That Defendants be directed to pay over to Plaintiffs all gains, profits and advantages realized by Defendants from the sales of products bearing Plaintiffs' registered trademarks, unregistered trademarks, or trade dress, or any designation confusingly similar thereto, pursuant to 15 U.S.C. § 1117.

  F. That Defendants be directed to pay to Plaintiffs the costs of this action, reasonable attorney's fees, and all damages suffered by Plaintiffs in an amount to be determined at trial plus interest as allowed by law, and that such damages be trebled pursuant to 15 U.S.C. § 1117, and/or that punitive damages be awarded pursuant to State law.

G. That Plaintiffs have such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.

Respectfully submitted by:

/s/ Keith Shumate

Dated: Columbus, Ohio
February 6, 2014

Keith Shumate (0056190)
Heather Stutz (0078111)
Squire Sanders (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
614.365.2700
keith.shumate@squiresanders.com
heather.stutz@squiresanders.com

Kevin C. Parks
Angela J. Baylin
(Pending admission *pro hac vice*)
Leydig, Voit & Mayer, Ltd.
180 North Stetson
Two Prudential Plaza, Suite 4900
Chicago, Illinois
312.616.5669
kparks@leydig.com
abaylin@leydig.com

*Attorneys for Plaintiffs*
VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.
and
BATH & BODY WORKS BRAND MANAGEMENT, INC.